## BIRD vs. BOWIE.

If the answers to interrogatories are evasive, the cause will be remanded.

APPEAL from the court of the seventh district.

PORTER, J. delivered the opinion of the court. This action is brought on a promissory note, dated the 18th July, 1820, by which the defendant bound himself *in solido*, with one Resin

Bowie to pay the plaintiff, four months after date, the sum of twelve hundred dollars.

The answer contains a general denial, a plea of payment, an allegation of a *dation en paiement* by the co-obligor, Rezin Bowie, of a negro man, valued at twelve hundred dollars, and an averment, that the said Rezin also delivered to the plaintiff a negro called Daniel to labour for the interest of the money.

To the answer were annexed several interrogatories, the sufficiency of the answers to which forms the principal question discussed by the counsel of the respective parties.

The first was: Did you not receive a negro man named Joe, from Rezin Bowie?

To which the plaintiff answered " he did." The second was: Did you not agree to give him $1200 for said negro, *and if not, what did you give, or agree to give?*

The answer to this interrogatoy was " No."

The third question was: Was not the amount given, or to be given, to be applied as a payment to said note?

To which the plaintiff replied " No."

The fourth was: Did you give any other consideration for said negro than that above-mentioned, and if so, what was it?

VOL. III. (N. s.)        15

West'n District,
Sept. 1824.

BIRD
vs.
BOWIE

To which there was the following answer: "That the negro was conveyed to him for and in consideration of the interest on the amount of the note, given for cash lent, and not in payment, or part payment of said note." ,

The fifth and sixth interrogatories relate to the last plea, of a delivery of the negro Daniel to laubor, for the interest; and are answered in the negative.

The defendant excepted to the answers to the second and fourth interrogatories, and the judge having overruled them, the correctness of his decision has been brought before us in the usual way.

The defendant propounded two questions to the plaintiff: Whether he had not received the negro mentioned in the first interrogatory; at $1200, or if not, at what sum had he agreed to take him? The answer furnished a reply to only one of these questions, namely: that he had not received him at $1200. In this it was clearly defective, but the plaintiff contends this defect has been cured by an answer given to another of the interrogatories, by which it is stated that the negro was not delivered in payment of the principal sum due, but the interest which had accrued on it. And he insists

the amount was immaterial, because it could
not be used in this action as a defence, or if
material, that the answer is sufficiently expli-
cit, because it states it was the amount of the
interest due at the time the slave was received.

In this reasoning, which is sufficiently inge-
nious, this court cannot concur. It seems to us
to take for granted in favor of the party an-
swering, the very thing which it was the object
of the interrogatory to disprove. From the
pleadings, and the drift of the plaintiff's an-
swers to the questions proposed to him, it ap-
pears that one of the points principally disput-
ed between the parties, was, whether the ne-
gro had been given in payment of the principal
sum due by the obligation, or in discharge of
some subsequent engagement entered into with
regard to interest. Now negativing the fact
that it was given *in payment*, did not justify an
evasion of the interrogatory, which called on
him to state at what amount the slave was de-
livered. To ascertain the truth in regard to
the point at issue, the sum at which the negro
was received, was very material. It might
have shewn so high a price, as to have render-
ed it improbable he was given as a compensa-
tion for the delay in the payment of the origi-

nal debt, or if given on that account, that the contract was usurious. When the party interrogated fails to answer according to law, it lies on him to shew, that the information he has disclosed to other questions, fully and satisfactorily cures the defect, and places the opposite party in the same situation, that a categorical reply to the interrogatory propounded would have put him. One of the best means of getting verity from reluctant witnesses, and arriving at a correct knowledge of the matters on which they testify, is, by minute interrogation on particulars. A party in a suit who wishes to probe the conscience of his adversary, has the same right, and perhaps a greater necessity, for applying this test, than when examining a witness who is presumed indifferent. The answer excepted to in this instance, is liable to all the objections that a regard to this rule can suggest. It evades particulars, and endeavors to cure the evasion by a general answer to another question, which answer can only be a reply to this, on the supposition that the plaintiff could have answered the particular interrogation, in such a way as would have produced the same result.

The exception made to the reply to the

fourth interrogatory does not appear to be supported. The question was general as to the consideration, and the answer fully meets and satisfies it.

It is is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that this case be remanded for a new trial, with direction to the district judge to ascertain the exception filed by the defendant to the plaintiff's answer to the second interrogatory. And it is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal.

*Scott* for the plaintiff, *Oakley* for the defendant.